JOHN L BURRIS, ESQ., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
bnisenbaum@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FORD, individually, and as a successor-in-interest to Decedent BRANDON SMITH; B.S., individually and as a successor-in-interest to Decedent BRANDON SMITH, by and through her Guardian ad Litem Keyanna Washington; B.S.J., individually and as a successor-in-interest to Decedent BRANDON SMITH, by and through his Guardian ad Litem Keyanna Washington; and I.S., individually and as a successor-in-interest to Decedent BRANDON SMITH, by and through his Guardian ad Litem Keyanna Washington,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, a municipal corporation; COUNTY of SACRAMENTO, a municipal corporation; ANGELLE GARNER, individually; FNU MOSBY, individually; MARCUS FRANK, individually; ELIZABETH ARMANDEREZ individually; and DOES 1-100<br><br>Defendants. | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. §1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

///

**INTRODUCTION**

1. These claims arise out of the wrongful death of BRANDON SMITH. On June 6, 2018, Defendants negligently and with deliberate indifference, failed to provide Mr. Smith with timely medical attention, despite the obvious signs that he was in physical distress and his multiple pleas for help.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the death of the Decedent, BRANDON SMITH.

**JURISDICTION AND VENUE**

3. This action arises under Title 42 of the United States Code, § 1983 and 12132. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City and County of Sacramento, California, which is within the judicial district of this Court.

4. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

6. Decedent, BRANDON SMITH, died while under the negligent supervision and as a result of the deliberate indifference of Defendants City of Sacramento, County of

Sacramento, and the State of California employees. Decedent had three children at the time of his death. This action seeks to recover damages for the violation of rights personal to Decedent. This action is maintained on behalf of Decedent, and by his successors in interest, his mother YOLANDA FORD, his biological, minor children B.S., B.S.J., and I.S. represented by and through KEYANNA WASHINGTON as Guardian Ad Litem. Said plaintiffs are persons with standing to bring the action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60 and California Probate Code Section 6402.

7. Plaintiff YOLANDA FORD, is now and at all times mentioned herein a United States Citizen. Plaintiff is the mother of and successor-in-interest to Decedent BRANDON SMITH.

8. Minor Plaintiff B.S. is the daughter of Decedent BRANDON SMITH and is being represented in this action by her Guardian Ad Litem, KEYANNA WASHINGTON.

9. Minor B.S.J. is the son of Decedent BRANDON SMITH and is being represented in this action by his Guardian Ad Litem, KEYANNA WASHINGTON.

10. Minor I.S. is the son of Decedent BRANDON SMITH and is being represented in this action by his Guardian Ad Litem, KEYANNA WASHINGTON.

11. Defendant CITY OF SACRAMENTO (Hereinafter "CITY"), is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Sacramento Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of Marcus Frank and DOES 1-50, individually and as agents of the Defendant City.

12. Defendant COUNTY OF SACRAMENTO (Hereinafter "COUNTY"), is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operations of individuals employed as their agents. At all relevant times, Defendant County was the employer of ELIZABETH ARMANDEREZ and DOES 51-100.

13. Defendant ANGELLE GARNER (Hereinafter "Defendant Garner"), is and was at all times mentioned herein employed as a parole agent for the State of California. She is being sued individually and in her official capacity as a parole agent for the State of California.

14. Defendant PA MOSBY (Hereinafter "Defendant Mosby"), is and was at all times mentioned herein employed as a parole agent for the State of California. He is being sued individually and in his official capacity as a parole agent for the State of California.

15. Defendant MARCUS FRANK (Hereinafter "Defendant Frank"), is and was at all times mentioned herein employed as an officer for Defendant CITY OF SACRAMENTO. He is being sued in both his individual and official capacities.

16. Defendant ELIZABETH ARMANDEREZ (Hereinafter "Defendant Armanderez"), is and was at all times mentioned herein employed as a counselor for the Sacramento Department of Behavioral Health.

17. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and

that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

18.   Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendants so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

19.   Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 51 through 75, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege that DOES 51 through 75, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent,

careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 51 through 75, inclusive, when they have been ascertained.

20.     Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 76 through 100, inclusive. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege that DOES 76 through 100, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 76 through 100, inclusive, when they have been ascertained.

## GENERAL ALLEGATIONS

21.     On June 6, 2018 at approximately 10:47 a.m., Plaintiff, YOLANDA FORD contacted her son, Decedent BRANDON SMITH's parole office requesting assistance for Mr. Smith's recent drug relapse.  Ms. Ford was instructed by Defendant Parole agent ANGELLE GARNER to bring Mr. Smith to the Sacramento North parole office.  While there, Mr. Smith

signed a voluntary statement of admission, disclosing that he used heroin and methamphetamine the previous day, June 5, 2018.

22. At around 1:15 p.m., Defendants Angelle Gardner and PA Mosby transported Mr. Smith via a caged truck to the Volunteers of America (VOA) Comprehensive Alcohol Treatment Center.

23. During transport, the agents noticed that Mr. Smith was jittery and anxious; a sign that he was under the influence of drugs. VOA's policy prevents them from admitting individuals under the influence of methamphetamine or heroin. Consequently, law enforcement agents were called to assist with transporting Mr. Smith to the Sacramento Main Jail for further evaluation. When Defendant MARCUS FRANK arrived at VOA, Mr. Smith had rolled out of his chair and was lying on the floor. He initially told Defendants Garner, Mosby and Frank "I'm good", however his condition quickly deteriorated.

24. Mr. Smith began grunting, stating that he "felt weird." As the defendants lifted him off of the ground and escorted him out of the building, Mr. Smith exclaimed "I feel like I'm having a heart attack!" Mr. Smith was placed in the back of the police vehicle, where he was unable to sit upright due to his handcuffs. Mr. Smith continued to communicate his distress by grunting and kicking his legs.

25. Defendant's FRANK and ELIZABETH ARMANDEREZ transported Mr. Smith to the Sacramento Main Jail. During transit, Defendant Armanderez asked Defendant Frank several times if Mr. Smith was okay because he was no longer kicking. Defendant Armanderez told Defendant Frank that Mr. Smith expressed that "he did too much" earlier. Defendant Armanderez warned "You don't want him seizing or having a heart attack in the back of the wagon. Defendant Frank stated that Mr. Smith looked fine and just appeared to be laying down.

26. Upon arrival at the Sacramento Main Jail, Defendant Frank opened the backdoor of the police vehicle and found Mr. Smith face down and unresponsive. Defendant Frank called for EMS and began to administer CPR along with PAI Garner until EMS arrived. Mr. Smith was transported to Sutter Medical Center Sacramento where he was pronounced dead.

27. Plaintiff alleges on information that Defendants ignored Decedent's obvious medical need. Defendants were on notice that Decedent was in the midst of a life-threatening medical emergency, likely a drug overdose, that could kill him, but did nothing to expedite medical care. Instead, they deliberately delayed medical treatment by driving around with him in the back of the wagon, not even taking him to a hospital when anyone would have known that he needed to receive immediate medical treatment to save his life.

28. The actions and omissions of Defendants FRANK and/or DOES 1-25 were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

29. Plaintiffs are informed and believe and thereon allege that CITY and one or more DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline FRANK and/or DOES 1-25. Their failure to discipline FRANK and/or DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference timely providing urgent medical care, the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up FRANK and/or DOES 1-25's inclusive, misconduct.

30. The actions and omissions of Defendants ARMANDEREZ and/or DOES 51-75 were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as agents and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

31. Plaintiffs are informed and believe and thereon allege that COUNTY and one or more DOES 76-100, inclusive, breached their duty of care to the public in that they have failed to discipline ARMANDEREZ and/or DOES 51-75. Their failure to discipline ARMANDEREZ and/or DOES 51-75 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the denial of medical care by County agents and the fabrication of official reports to cover up ARMANDEREZ and/or DOES 51-75's inclusive, misconduct.

32. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

## DAMAGES

33. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

34. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both

Decedent's and their rights.  Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

35. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

36. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**(Violation of Plaintiffs' Right to a Familial Relationship)**
**(Plaintiffs YOLANDA FORD, B.S., B.S.J., and I.S., against Defendants FRANK, ARMANDEREZ, GARDNER, MOSBY, and DOES 1- 100)**

37. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. As a legal cause of Defendants FRANK, ARMANDEREZ, and DOES 1 – 100 acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to familial relationship, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants FRANK, ARMANDEREZ, and DOES 1 – 100 conduct deprived Plaintiffs of their right to a familial relationship with Decedent. Defendants' failure to provide emergency medical care caused his injuries, which resulted in Decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. §1983)
(Denial of Medical Care)
(Plaintiffs YOLANDA FORD, B.S., B.S.J., and I.S., against Defendants FRANK, ARMANDEREZ, GARDNER, MOSBY, and DOES 1- 100)

40. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

42. Defendants unreasonable seized Decedent by denying him medical care under the Fourth Amendment, and were deliberately indifferent to his known serious medical needs under the Fourteenth Amendment.

43. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

44. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

45. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* – 42 U.S.C. §1983)
(Plaintiffs YOLANDA FORD, B.S., B.S.J., and I.S., Against Defendants CITY and DOES 1- 50)

46. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 45 of this Complaint.

47. On information and belief Defendants' FRANK and/or DOES 1-25 conduct, individually and as peace officers was ratified by one or more of City's police department supervisorial officers DOES 26-50.

48. On information and belief, Defendants were not disciplined for their conduct related to the death of Decedent.

49. On and for some time prior to June 6, 2018, (and continuing to the present day) one or more of Defendants, individually and as peace officers, deprived Plaintiffs and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   a) Inadequately supervising, training, controlling, CITY police officers to provide medical attention to those in their custody who are in need of said attention;

    b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

    c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

    d) By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of CITY; and

50. By reason of the aforementioned policies and practices of Defendants FRANK, and/or DOES 1-25, individually and as peace officers, Decedent was subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

51. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

52. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

54. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

55. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

56. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(*Monell* – 42 U.S.C. §1983)
(Plaintiffs YOLANDA FORD, B.S., B.S.J., and I.S., Against Defendants COUNTY and DOES 51-100)

57. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 56 of this Complaint.

58. On information and belief Defendants' ARMANDEREZ and/or DOES 51-75 conduct, individually and as agents of County was ratified by one or more of County's supervisorial officers DOES 76-100.

59. On information and belief, Defendants were not disciplined for their conduct related to the death of Decedent.

60. On and for some time prior to June 6, 2018, (and continuing to the present day) one or more of Defendants, individually and as agents of County, deprived Plaintiffs and

Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

e) Inadequately supervising, training, controlling, COUNTY police officers to provide medical attention to those in their custody in need of said attention;

f) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by persons who are agents of COUNTY;

g) By ratifying the intentional misconduct of Defendants and other officers who are agents of COUNTY; and

61. By reason of the aforementioned policies and practices of Defendants ARMANDEREZ and/or DOES 51-75, individually and as agents of County, Decedent was subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

62. Defendants, individually and as agents of County, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

63. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as agents of County; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as agents of County; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

65. By reason of the aforementioned acts and omissions of Defendants, individually and as agents of County, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

66. By reason of the aforementioned acts and omissions of Defendants, individually and as agents of County, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

67. Accordingly, Defendants, individually and as agents of County, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Wrongful Death – Negligence)**
**(C.C.P. §377.60 and 377.61)**

**(Plaintiffs YOLANDA FORD, B.S., B.S.J., and I.S., Against Defendants FRANK, ARMANDEREZ, GARDNER, MOSBY, and DOES 1- 100)**

68. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 67 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

69. Defendants City of Sacramento and County of Sacramento, by and through their agents and employees, FRANK, ARMANDEREZ, and DOES 1-100, inclusive, proximately caused the death of decedent BANDON SMITH as a result of their negligent conduct and/or negligent failure to act as set-forth herein, for example, Defendants were aware that Decedent had used both heroin and methamphetamine the day before the incident; Defendants were aware that Decedent "felt weird" and felt like he was "having a heart attack"; Defendants failed to provide appropriate immediate medical care for Decedent; Defendants transported Decedent to the Sacramento Main Jail while he was experiencing a medical crisis.

70. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, plaintiffs YOLANDA FORD, and minors B.S., B.S.J., and I.S. have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father and son, Decedent, in an amount according to proof at trial.

71. As a further actual and proximate result of said defendants' negligence, and death of Decedent Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

72. Pursuant to California C.C.P. Sections 337.60 and 377.61, plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

73.   Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according ot proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants FRANK, ARMANDEREZ, and DOES 1 – 100 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred.

Dated:  July 23, 2019                                    **Law Offices of John L. Burris**

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ *John L. Burris*
　　　　　　　　　　　　　　　　　　　　　　　　John L. Burris, Esq.,
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ *Ben*jamin Nisenbaum
　　　　　　　　　　　　　　　　　　　　　　　　Benjamin Nisenbaum, Esq.,
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs