**JOHN L. BURRIS, ESQ., SBN 69888**
**BEN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Ben.Nisenbaum@johnburrislaw.com
Email: James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
YOLANDA FORD, et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FORD, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, et al., <br><br> Defendants. | Case No. 2:19-cv-01400-TLN-CKD <br><br> **ORDER GRANTING MINORS COMPROMISE FOR MINOR PLAINTIFF B.S.J.** |

The Court hereby approves the Petition for Minor's Compromise for B.S.J., and orders as follows:

1. <u>Settlement Distribution</u>

    a. Of the total $399,000 settlement $214,200 (two hundred fourteen thousand two hundred dollars) shall be immediately payable to Law Office of John L. Burris

Client Trust Account for immediate cash, funding for court blocked accounts, attorney fees and costs;

b. $61,600 (sixty one thousand, six hundred dollars) shall be payable to **United of Omaha Life Insurance Company,** to fund the obligation for the Periodic Payments illustrated in Sections 4-9 below for ▮▮▮▮▮▮▮ (B.S.J.)

c. $123,200 (one hundred twenty three thousand two hundred dollars) shall be used to fund the two remaining minor plaintiff's annuity accounts.

2. Payment of Fees and Expenses on Behalf of Minor B.S.J.

   a. Attorney's fees payable to the Law Offices of John L. Burris: **$26,600.00** (twenty six thousand six hundred dollars).

   b. Litigation Costs payable to the Law Offices of John L. Burrs: **$4,735.90** (four thousand seven hundred thirty five dollars and ninety cents).

3. Balance

Of Minor Plaintiff B.S.J.'s net settlement, **$13,464.10** (thirteen thousand four hundred sixty four dollars and ten cents) shall be place in an FDIC insured court-blocked account, with distributions made by Court order, and as follows:

   a. **Payee: Keyanna Washington (for the benefit of B.S.J.):**
      i. $2000 (two thousand dollars) payable yearly, beginning on January 1, 2023, with the last guaranteed payment on January 1, 2028, for a total payment of $12,000 (twelve thousand dollars); Said funds shall be used for the benefit of Minor Plaintiff B.S.J.

   b. **Payee:** ▮▮▮▮▮▮▮ **(B.S.J.)**

        i.      When the Minor attains the age of 18 years, on ▇ 2028, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

    **c.**    No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the Minor attains the age of 18 years (▇ 2028).

4.    The structured settlement will be executed as follows:

5.    Payment by **Defendant(s)** in the sum of **$61,600.00** to **MUTUAL OF OMAHA STRUCTURED SETTLEMENT COMPANY (MOSSCO)** to provide for the tax-free structured settlement set forth below ("Periodic Payments").

6.    The sum of **$61,600.00** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **UNITED OF OMAHA LIFE INSURANCE COMPANY,** through Horacio Lleverino, of Settlement Planners, Inc.

7.    **Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **MUTUAL OF OMAHA STRUCTURED SETTLEMENT COMPANY (MOSSCO)** ("Assignee"). Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff. The Assignee shall purchase a structured settlement annuity for

**$61,600.00** through **UNITED OF OMAHA LIFE INSURANCE COMPANY** which is rated **A+ (Superior) Financial Size XV** through A.M. Best.

8. No part of said **$61,600.00** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of the minor. **Petitioner** is authorized to settle this claim on behalf of her son and receive and negotiate funds on behalf of the minor. No bond shall be required of **Petitioner**. Receipt for purchase of annuity is to be filed with the Court within 60 days.

   a. The following periodic payments will be made by **United of Omaha Life Insurance Company**:

      i. **Payee:** ▆▆▆▆▆▆▆▆▆▆ **(B.S.J.)**

         1. Period Certain Annuity - $10,000.00 annually beginning 8/12/2028. Payable for four years guaranteed. Guaranteed payments through 8/12/2031.
         2. Guaranteed Lump Sum - $15,000.00 lump sum payment on 8/12/2032.
         3. Guaranteed Lump Sum - $34,300.34 lump sum payment on 8/12/2035.

*The future periodic payment amounts outlined above were calculated based upon a projected periodic payment funding date of October 1, 2022. Any delay in funding the periodic payments may result in a delay of the periodic payment dates or change in the periodic payment amounts that shall be recorded in the settlement agreement and release and qualified assignment document without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order up to 180 days after the original funding date.*

9. No part of the structured settlement annuity may be paid to the **Petitioner**, except the monthly payments set forth herein. Said monthly funds distributed to **Petitioner** shall be used exclusively for the benefit of Minor Plaintiff. This Court has determined that a tax-free structured settlement is in the best interest of the minor. **Petitioner** is authorized to settle this claim on behalf of

B.S.J. and receive and negotiate funds on behalf of the minor. No bond shall be required of **Petitioner**. Receipt for purchase of annuity is to be filed with the Court within 60 days.

### Authorization to Execute Settlement Documents:

10. On receipt of the full amount of the settlement sum here approved, Petitioner is authorized and directed to execute and deliver to Defendant(s) a complete Settlement Agreement and Release (which shall provide for a "Qualified Assignment" in compliance with Section 130(c) of the Internal Revenue Code of 1986, as amended) and discharge of any and all claims of B.S.J. arising from the facts set forth in the Petition, and a properly executed dismissal with prejudice.

**IT IS SO ORDERED.**

DATED: September 20, 2022

Troy L. Nunley
United States District Judge